**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**EDDIE WOULARD, #83863**                                                            **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 5:08cv204-DCB-MTP**

**JACQUELINE BANKS**                                                           **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Plaintiff's Motion for Default Judgment [23]. Having considered the Plaintiff's motion, along with documents made a part of the record of this case and the applicable law, the undersigned recommends that Plaintiff's motion be denied

In his Motion [23], filed on December 3, 2008, Plaintiff asks the court to enter a default judgment against Defendant Jacqueline Banks, Warden at Wilkinson County Correctional Facility (WCCF), based on the fact that Warden Banks has not answered the Complaint nor otherwise appeared in this action. The Process Receipt and Return filed on November 5, 2008 [19] indicates that process was sent by certified mail on October 28, 2008 to a "Sharonda Jackson" at WCCF, and was signed for by a "Lavern Taylor." The Acknowledgement of Receipt of Summons and Complaint was signed for on October 31, 2008 by Ms. Jackson, who indicates that she is an "Employee/Secretary."

Based on the foregoing, it does not appear that process has been properly served pursuant to Fed. R. Civ. P. 4(e).[1] Thus, entry of default judgment is not appropriate. *See* Fed. R. Civ. P.

---

[1] Rule 4(e) provides that service of process may be effected by, *inter alia*, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Mississippi law, one of the authorized methods of service of process is mailing the summons and complaint by first class mail to the person to be served. *See* Miss. R. Civ. P. 4(c)(3). In this case, process was sent by certified mail to Ms. Jackson, who is apparently a secretary at WCCF, rather than to Warden Banks.

55; *Arceneaux v. Davisdon*, 325 F. Supp. 2d 742, 744 (S.D. Miss. 2004) (holding that default judgment may not be entered unless there has been valid service of process). Moreover, even if Warden Banks had been properly served, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (*quoting Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Id.* (*quoting Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Finally, this action is subject to the Prison Litigation Reform Act of 1995, which provides that "[n]o relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g)(1).

## RECOMMENDATION

Based on the foregoing, it is the recommendation of this court that Plaintiff's Motion for Default Judgment [23] be DENIED.[2]

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation

---

[2] By separate Order, this court shall direct the clerk of court to re-issue summons for Warden Banks and shall direct the U.S. Marshal to <u>personally</u> serve process upon Warden Banks.

within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996)

THIS the 15th day of May, 2009.

s/ Michael T. Parker
United States Magistrate Judge