IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

EDDIE WOULARD, #83863                                    PLAINTIFF

VS.                          CIVIL ACTION NO. 5:08-cv-204-DCB-MTP

JAQUELINE BANKS                                         DEFENDANT

<u>ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE</u>

       This cause is before the Court on Magistrate Judge Michael T.
Parker's Report and Recommendation of May 15, 2009 **(docket entry
no. 24).** Having considered the Report and Recommendation and the
plaintiff's objections thereto, having conducted a <u>de novo</u> review
of those portions of the Report and Recommendation to which the
plaintiff has objected in light of applicable law, and being
otherwise fully advised in the premises, the Court finds and orders
as follows:

       Eddie Woulard ("Woulard") filed a complaint against Jaqueline
Banks, Warden at Wilkinson County Correctional Facility, pursuant
to 42 U.S.C. § 1983 on May 22, 2008.  On October 27, 2008, the
Magistrate Judge ordered the clerk of court to issue summons to
defendant Banks and to have the United States Marshal serve process
on Banks pursuant to 28 U.S.C. § 1915(d).  On November 5, 2008, a
process receipt and return was electronically filed which reflected
that the summons which was issued to defendant Banks was mailed via
certified mail to Sharonda Jackson, the defendant's secretary, on
October 28, 2008, and signed for by Lavern Taylor.  Included with
the return receipt was an "Acknowledgment of Receipt of Summons and

Complaint" which was completed by Sharonda Jackson.

On December 3, 2008, having received no answer to the complaint by defendant Banks, Woulard filed a motion for default judgment. On May 15, 2009, Magistrate Judge Parker issued a report recommending that the motion for default judgment be denied because, at the time Woulard filed the motion, defendant Banks had not yet been properly served with process under Federal Rule of Civil Procedure 4. In the Report and Recommendation, Judge Parker also ordered the clerk of court to re-issue summons for Warden Banks and to direct the United States Marshal to personally serve process on Warden Banks. Such process was effected on May 29, 2009, and Warden Banks filed an answer in response to the complaint on June 18, 2009.

The plaintiff filed an objection (docket entry no. 27) to the Report and Recommendation on June 3, 2009. Woulard amended his objection (docket entry no. 28) on June 10, 2009. Judge Parker's Report and Recommendation and the plaintiff's objections thereto now are before the Court.

As noted herein, Judge Parker recommends that the plaintiff's motion for default judgment be denied because defendant Banks had not been properly served with process when the motion was filed. Woulard's objections, liberally construed, appear to posit that Banks was properly served with process under an agency theory when her secretary, Sharonda Jackson, received and signed for the

summons and complaint.

Woulard's position is not supported by the rules. Service of process is covered by Federal Rule of Civil Procedure 4. Rule 4(e) provides that service of process on an individual may be effected, among other ways, "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Mississippi law, which applies in this instance, allows for service "by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served." Miss. R. Civ. P. 4(c)(3)(A) (emphasis added). Here, the copy of the summons and complaint, although issued to defendant Banks, were addressed and mailed to her secretary, Sharonda Jackson. This service does not comply with the rules and was therefore ineffective. Accordingly, Woulard's motion for default judgment based on Banks' failure to timely file an answer following the first service of process is without merit.

In sum, after a de novo review of the portions of the Report and Recommendation to which the plaintiff has objected, the Court is unable to find any error. The Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion.

CONCLUSION

Based upon the foregoing,

IT IS HEREBY ORDERED that the Report and Recommendation **(docket entry no. 24)** is adopted in its entirety as the findings of the Court.

IT IS FURTHER ORDERED that the plaintiff's objections **(docket entry nos. 27, 28)** to the Magistrate Judge's Report and Recommendation are OVERRULED.

IT IS FURTHER ORDERED that the plaintiff's Motion for Default Judgment **(docket entry no. 23)** is DENIED.

SO ORDERED, this the 13th day of August 2009.

_____s/  David Bramlette_____
UNITED STATES DISTRICT JUDGE
