IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

EDDIE WOULARD                                                                        PLAINTIFF

versus                                                            CIVIL ACTION NO. 5:08cv204-DCB-MTP

JACQUELINE BANKS                                                                DEFENDANT

## REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* for consideration of dismissal.[1] Having reviewed Plaintiff's complaint [1] and other pleadings filed in this action, Plaintiff's testimony at an omnibus hearing held on May 13, 2008 pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and the applicable law, the undersigned recommends that this matter be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiff filed this suit *pro se* on May 22, 2008, pursuant to 42 U.S.C. § 1983. In Plaintiff's complaint, and as clarified at the *Spears* hearing,[2] Plaintiff asserts a claim of denial of access to the courts. Specifically, Plaintiff alleges that on May 18, 2007, while incarcerated at Wilkinson County Correctional Facility ("WCCF"), he attempted to mail two letters relating to his habeas case then pending in the United States District Court for the Southern District of

---

[1] Because Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim).

[2] *See Lee v. Hennigan*, 98 Fed. Appx. 286, 287 (5th Cir. Apr. 14, 2004) ("A *Spears* hearing is 'in the nature of an amended complaint or a more definite statement.'") (citation omitted); *Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (prisoner's testimony at *Spears* hearing is incorporated into his pleadings).

Mississippi, Eastern Division (Civil Action No. 4:07cv14):[3] one to Attorney General Jim Hood, and one to the clerk of the court. Plaintiff avers that both letters were returned to him and he was given a Rule Violation Report for attempting to defraud the postal system. According to Plaintiff, he had requested to mail the letters as an indigent, but he was not in fact indigent since he had approximately $7 in his prison account. Plaintiff claims that as a result of his letters being returned to him, he missed a filing deadline and his habeas petition was dismissed.[4]

Plaintiff did not bring the letters in question to the *Spears* hearing, nor could he recall what was contained in them, although he stated that he has the original letters at WCCF. Accordingly, the court ordered Plaintiff to provide a copy of the letters he claims he attempted to mail on May 18, 2007, along with copies of their envelopes, by October 16, 2009.[5] *See* Omnibus Order [37]. Plaintiff was advised that if he failed to do so, this case would be subject to dismissal without further notice. Plaintiff has now filed what purports to be a copy of the letters - containing his response to Respondent's Motion to Dismiss his habeas petition, dated May 17, 2007. *See* [39-1].[6] Although it is not entirely clear, it appears that Plaintiff has also produced

---

[3] In this habeas proceeding, Plaintiff challenged his convictions in the Circuit Court of Wayne County for murder and possession of a firearm by a convicted felon, arguing that his confrontation clause rights were violated at trial. Specifically, Plaintiff challenged the admission at trial of his wife's out-of-court statements to a police officer, where his wife did not testify at trial. *See* Petition [1] & attachments in 4:07cv14.

[4] The petition was dismissed as untimely on Respondent's motion pursuant to 28 U.S.C. § 2244(d), which requires that a habeas petition be filed within one year of when the judgment of conviction becomes final. *See* [11] [12] in 4:07cv14.

[5] By Order [42] dated October 23, 2009, the court granted Plaintiff an extension until November 16, 2009 to produce the letters.

[6] Plaintiff also appears to have filed an identical document on November 9, 2009. *See* [45].

photocopies of the purported envelopes.[7] *See* [40] at 7.

ANALYSIS

It is is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") (citations omitted); *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (*citing Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)) ("To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant."). Plaintiff conceded at the *Spears* hearing that Defendant Jacquelyn Banks, the Warden at WCCF, was not the one who returned his letters; Sharonda Jackson, the Mailroom Supervisor (not a defendant in this action), did. Plaintiff explained that he is suing Warden Banks under a theory of *respondeat superior*, because she is the one who hired Ms. Jackson and, therefore, is responsible for her actions. Thus, for this reason alone, Plaintiff's claim against Defendant should be dismissed.

Moreover, even assuming *arguendo* that Defendant Banks were the appropriate defendant, Plaintiff does not state a viable claim for denial of access to the courts. In order to prevail on such a claim, Plaintiff must show an "'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996) (citation omitted); s*ee also Donnelly v. Edwards*, 95 Fed. Appx. 702, 703 (5th Cir. Apr. 23, 2004) (upholding dismissal of

---

[7] One envelope is addressed to the clerk's office in Jackson, while the other is addressed to the Attorney General. Both contain postage in the amount of 41 cents, which was the applicable rate for first class mail effective May 14, 2007.

3

access-to-the-courts claim because plaintiff did not establish that he was unable to proceed in a court case as a result of alleged delays and denials of legal assistance); *Cartner v. Lowndes Cty.*, 89 Fed. Appx. 439, 442 (5th Cir. Jan. 23, 2004), *cert. denied*, 542 U.S. 923 (2004) (affirming dismissal of access-to-the-courts claim where plaintiff failed to explain "how his position as a litigant was adversely affected"); *Richards v. Johnson*, 115 Fed. Appx. 677 (5th Cir. Oct. 20, 2004) (upholding dismissal of access-to-the-courts claim where plaintiff "alleged no fact showing that he has been prejudiced in his ability to prepare and transmit a necessary legal document to a court.").

Plaintiff has provided the court with a copy of what purports to be his response to Respondent's Motion to Dismiss in his habeas proceeding, which he claims was returned to him at WCCF. *See* [45]. Plaintiff alleges that because the response was not mailed to the court, his case was dismissed. However, although Plaintiff did not file a response to the motion, the court noted that Plaintiff had addressed the issue of timeliness in his Petition and, therefore, the court considered his arguments. *See* [11] in 4:07cv14. In his Petition, Plaintiff argued that he was entitled to the benefit of statutory tolling because of a state-created impediment, and he also appeared to invoke the doctrine of equitable tolling.[8] Specifically, Plaintiff argued that the U.S. Supreme Court's decision of *Crawford v. Washington*, 541 U.S. 36 (2004), announced a new interpretation of the Confrontation Clause, and that it was not made available to him by prison

---

[8] 28 U.S.C. § 2244(d)(1)(B) provides an exception to the one-year limitation period, providing that it shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999). It is permitted only "in rare and exceptional circumstances." *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citation omitted); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

4

officials until September 2006. Plaintiff also argued that he had no access to any legal books, and that all legal research is done on the computer, which is accessible only to an untrained staff person. *See* Petition [1] & [1-1] in 4:07cv14  These are the same arguments raised by Plaintiff in the Response to the Motion to Dismiss he claims was sent back to him by prison officials. *See* [39-1].

There is one additional argument made by Plaintiff in his response to the Motion to Dismiss that was not included in his original habeas petition (and, therefore, not considered by the court): that "throughout the entire proceedings leading up to this present request, there has been evidence requested from the trial court records that has gone unanswered. This would effectively toll the statute of limitations and bridge the gap submitted by the Attorney General's Office." *See* [39-1] at 2. Plaintiff does not, however, describe the records that he claims were withheld from him. Nor does Plaintiff explain why these records were necessary for the filing of his petition, which was based on a legal argument. Indeed, the habeas petition was based on an intervening Supreme Court case that Plaintiff claims he first had knowledge of in September 2006, and Plaintiff filed his state motion for post-conviction relief (asserting the same claim as in his habeas petition) the following month, on or about October 25, 2006. *See* [1-1] in 4:07cv14. Nowhere in his motion for post-conviction relief does Plaintiff aver that he was prevented from filing because of any missing or withheld records.[9] *See id.* Moreover, the objectionable testimony being challenged by Plaintiff was set forth in his motion for post-conviction relief (which is attached as an exhibit to his habeas petition), and the entire state court record, as well as the trial transcript, were also attached. *See* Petition [1] & attachments in 4:07cv14. Thus, the

---

[9] Indeed, the sole argument made by Plaintiff regarding the timeliness of his motion was that, pursuant to Miss. Code Ann. § 99-39-5(2)(a)(I), "there has been an intervening decision of the Supreme Court of...the United States which would have actually adversely affected the outcome of his conviction or sentence." *See* [1-1] at 6-7 in 4:07cv14.

relevant records were clearly available to Plaintiff at the time the claim in his habeas petition arose (which he claims was September 2006, when he first became aware of the *Crawford* decision).

Finally, even if there were, in fact, records missing, this would not constitute an "impediment" for purposes of § 2244(d), nor would it justify equitable tolling, as "there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). Rather, he must merely summarize the facts supporting his claim, and can then assistance from the district court in obtaining missing records through discovery after the petition is filed. *See id.* (citations omitted). Moreover, as Plaintiff was present at his trial, he certainly knew the factual basis on which his claim was based and, therefore, did not need a transcript or court records to file his petition. *See id.* (citations omitted). *See also Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *Brown v. Cain*, 112 F.Supp. 2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000).

Accordingly, Plaintiff has failed to establish that he was prejudiced in any way by the alleged failure of WCCF staff to mail out his response to the motion to dismiss, as he has failed to establish that it would have had any impact on the court's ruling on the motion to dismiss. Thus, Plaintiff's claim for denial of access to the courts has no merit and should be dismissed.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that this matter be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 9th day of December, 2009.

s/ Michael T. Parker  
United States Magistrate Judge