IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

EDDIE WOULARD                                                    PLAINTIFF

VS.                              CIVIL ACTION NO. 5:08-cv-204(DCB)(MTP)

JACQUELINE BANKS                                                 DEFENDANT

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the plaintiff's complaint, on the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 48)**, and on the plaintiff's Objections thereto **(docket entry 53)**.  Having carefully considered the complaint, the report and recommendation, and the objections, as well as the applicable law, the Court finds as follows:

This is an action pursuant to 42 U.S.C. § 1983, filed by the plaintiff pro se.  In his complaint, as clarified at a Spears hearing, the plaintiff asserts a claim of denial of access to the courts.  Specifically, he alleges that on May 18, 2007, while incarcerated at Wilkinson County Correctional Facility ("WCCF"), he attempted to mail two letters relating to his habeas case then pending in the United States District Court for the Southern District of Mississippi, Eastern Division (Civil Action No. 4:07-cv-14): one to Attorney General Jim Hood, and one to the clerk of the court.  The plaintiff avers that both letters were returned to him and he was given a Rule Violation Report for attempting to defraud the postal system.  According to the plaintiff, he had

requested to mail the letters as an indigent, but he was not in fact indigent since he had approximately $7 in his prison account. The plaintiff claims that as a result of his letters being returned to him, he missed a filing deadline and his habeas petition was dismissed.

In his Report and Recommendation, Magistrate Judge Parker finds that the plaintiff failed to name a defendant who participated in the alleged wrong. Moreover, despite the allegations in his complaint, the plaintiff has not shown an actual injury, i.e., "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Therefore, he has not stated a viable claim for denial of access to the courts. The plaintiff's objections do not raise any issues that would cast doubt on the correctness of the Report and Recommendation. The Court therefore finds that the plaintiff's claim for denial of access to the courts is without merit and must be dismissed. Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation **(docket entry 48)** of Magistrate Judge Michael T. Parker is hereby adopted as the opinion of this Court;

FURTHER ORDERED that the plaintiff's Objections **(docket entry 53)** are DENIED;

FURTHER ORDERED that the plaintiff's action pursuant to 42 U.S.C. § 1983 is dismissed. A separate Final Judgment shall be

2

entered forthwith dismissing this cause with prejudice.

SO ORDERED, this the 18th day of October, 2010.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE